IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARRAY HOLDINGS INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-366 |
| SAFOCO, INC., MCAFEE & TAFT, MICHAEL LABRIE, KENT WATTS, HARRY JOHNSON, and MICHAEL JOHNSON, | § § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff Array Holdings Inc.'s Motion to Dismiss Certain Allegations of Defendant Safoco's Counterclaim for Failure to State a Claim Upon Which Relief Can be Granted (Document No. 131) and Defendant/Counter-Plaintiff Safoco, Inc.'s Motion to Strike Certain Affirmative Defenses in Plaintiff/Counter-Defendant Array Holdings, Inc.'s First Amended Answer and Alternate Motion for More Definite Statement (Document No. 166).[1] After carefully considering the motions, responses, and applicable law, the Court concludes as follows.

---

[1] Pending also is Plaintiff's Motion for More Definite Statement Regarding Defendant Safoco, Inc.'s Counterclaim (Document No. 132). Defendant subsequently filed an amended counterclaim in response to Plaintiff's motion that provides a more definite statement of its claims, and the motion at Document No. 132 is therefore DENIED as moot.

### I. Plaintiff's Motion to Dismiss

In its breach of contract counterclaim, Defendant Safoco, Inc. ("Defendant") alleges that Plaintiff Array Holdings Inc. ("Plaintiff") breached the Safoco Settlement Agreement by challenging the validity and enforceability of the Safoco patents.[2] Plaintiff argues that these allegations fail to state a claim because contractual clauses prohibiting a licensee from challenging a patent's validity or enforceability are void.[3] However, when such clauses are included in a settlement agreement to end litigation over the patents, as was the case here, they can be enforceable. See Flex-Foot v. CRP, Inc., 238 F.3d 1362, 1370 (Fed. Cir. 2001) (holding settlement agreement in which alleged infringer agreed not to challenge patent's validity in the future was not void as against public policy); see also Hemstreet v. Spiegel, Inc., 851 F.2d 348, 350 (Fed. Cir. 1988) ("The law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into.").

---

[2] Document No. 146 ¶¶ 32-33. Plaintiff's motion references the original Counterclaims filed by Defendant at Document No. 123. See Document No. 131 at 2. Defendant subsequently filed an Amended Counterclaim at Document No. 146.

[3] Document No. 131 at 1-2.

2

Plaintiff also contends that Defendant's request to recover all litigation costs and attorneys' fees fails to state a claim, because some issues in this suit do not relate to Defendant's breach of contract counterclaim.[4] Defendant's Amended Counterclaim alleges that "[a]ll costs that Safoco has incurred in connection with defending this litigation and pursuing this counterclaim are costs incurred as a result of Array Holdings' breach of the Settlement Agreement," and that Defendant is entitled to recover its attorneys' fees pursuant to Texas Civil Practice and Remedies Code Section 38.001.[5] Defendant has stated a viable claim for attorneys' fees and costs of litigation as an element of its claimed damages. At this pleading stage it is premature to determine on the merits whether some portion of Defendant's costs and attorneys' fees will not be recoverable as damages or under § 38.001 if Defendant prevails on its counterclaim for breach of contract. Accordingly, Plaintiff's Motion to Dismiss is DENIED.

## II. Defendant's Motion to Strike

"A defendant must 'plead an affirmative defense with enough specificity or factual particularity to give the government "fair notice" of the defense that is being advanced.'" Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008) (quoting Woodfield v.

---

[4] Id. at 2-3.

[5] Document No. 146 ¶¶ 41-42.

3

Bowman, 193 F.3d 354, 362 (5th Cir. 1999)); *see also* E.E.O.C. v. Courtesy Bldg. Serv., Inc., No. 3:10-CV-1911-D, 2011 WL 208408, at *4-5 (N.D. Tex. Jan. 21, 2011) (striking defenses of waiver, release, estoppel, and unclean hands because they were "not accompanied by any factual allegations giving notice of the nature of the defense"). "[B]aldly 'naming' the broad affirmative defenses . . . falls well short of the minimum particulars needed to identify the affirmative defense in question. . . ." Woodfield, 193 F.3d at 362. However, "an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1274, at 616-17 (3d ed. 2004) (footnote omitted).

Defendant contends that Plaintiff's first, fourth, fifth, seventh, and eleventh affirmative defenses to Defendant's counterclaims fail to give fair notice and should be stricken.[6] Plaintiff's first, fifth, and seventh affirmative defenses, of laches and estoppel, duress, and mistake, fail to provide fair notice to Defendant of the substance and factual basis for such defenses.[7] Woodfield, 193 F.3d at 362, n.30, explained that while

---

[6] Document No. 166.

[7] *See* Document No. 153 at 8 ¶ 1 ("Safoco cannot prevail because Safoco's claims are barred by the doctrines of laches and estoppel. Safoco's course of conduct estops and prevents Safoco

4

in some cases merely pleading the name of an affirmative defense may be sufficient if the context of the case provides fair notice of the defense's content, "baldly naming" defenses "falls well short of the minimum particulars needed to identify an affirmative defense."[8] Here, Plaintiff has not pled sufficient factual allegations in its answer to the counterclaim or in its live complaint to provide a factual context for these affirmative defenses, and thus Plaintiff has not provided fair notice to Defendant of the nature of these defenses.

Moreover, Plaintiff's affirmative defenses of fraud and fraudulent inducement (Plaintiff's fourth and eleventh affirmative defenses) fail to meet the particularity requirement of Rule 9(b). <u>Siemens Med. Solutions USA, Inc. v. Sunrise Med. Tech., Inc.</u>, No. Civ. 3:04-CV-2711-H, 2005 WL 615747, at *5 (N.D. Tex. Mar. 16, 2005) (Sanders, J.) (". . . Defendant's affirmative defense of fraud is analyzed under the particularity requirement of Rule

---

from asserting a claim against Array."); <u>Id.</u> at 9 ¶ 5 ("Safoco cannot prevail because Safoco's claims are barred by the doctrine of duress. Safoco's conduct placed Array under duress thereby releasing Array from any settlement agreement."); <u>Id.</u> at 9 ¶ 7 ("Safoco cannot prevail because Safoco's claims are barred by the doctrine of mistake. Safoco's conduct caused Array to enter into a settlement agreement.").

[8] Because Plaintiff's challenged affirmative defenses fail to meet the traditional <u>Woodfield</u> standard, it is unnecessary to consider whether the more demanding <u>Twombly/Iqbal</u> standard does or does not apply to affirmative defenses. See 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1274, at 116 (3d ed. 2004 & Supp. 2013).

5

9(b) . . ."); *see also* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Pleading fraud with particularity requires a party to plead the time, place, and contents of the false representation, as well as the identity of the person making the representation and what that person obtained thereby. Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997). Plaintiff's affirmative defenses of fraud and fraudulent inducement do not contain the requisite factual allegations.[9] Plaintiff's Third Amended Complaint also fails to allege sufficient facts. Plaintiff states that "in its settlement negotiations," Defendant knowingly misrepresented that Plaintiff's products violated Defendant's patents.[10] However, Plaintiff does not identify the speaker, or state precisely when and where these allegations were made. Thus, Plaintiff has failed to allege fraud or fraudulent inducement with particularity and these affirmative defenses are stricken.

---

[9] *See* Document No. 153 at 8 ¶ 4 ("Safoco cannot prevail because Safoco's claims are barred by the doctrine of fraud. Safoco and the other defendants conspired to defraud Array by the Safoco Settlement Agreement. The fraudulent conduct of Safoco renders void, voidable, and/or unenforceable any settlement agreement between Safoco and Array."); Id. at 8 ¶ 11 ("Safoco cannot prevail because Safoco's claims are barred by the doctrine of fraud in the inducement. Safoco's fraud induced the execution of the Safoco Settlement Agreement.").

[10] Document No. 191 ¶ 28.

6

Based on the foregoing, the Court conditionally strikes the first, fourth, fifth, seventh, and eleventh affirmative defenses of Plaintiff's First Amended Answer to Defendant Safoco, Inc.'s Amended Counterclaim. However, the Court will grant Plaintiff's request to replead.[11] See FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

### III. Order

Accordingly, it is

ORDERED that Plaintiff Array Holdings Inc.'s Motion to Dismiss Certain Allegations of Defendant Safoco's Counterclaim (Document No. 131) is DENIED. It is further

ORDERED that Defendant Safoco, Inc.'s Motion to Strike Certain Affirmative Defenses in Plaintiff's First Amended Answer and Alternate Motion for More Definite Statement is CONDITIONALLY GRANTED (Document No. 166), and the first, fourth, fifth, seventh, and eleventh affirmative defenses in Plaintiff's First Amended Answer to Defendant Safoco, Inc.'s Amended Counterclaim are STRICKEN, unless Plaintiff Array Holdings Inc., within fourteen (14) days after the entry of this Order, files a more definite statement in the form of an amended answer, consistent with this Memorandum and Order, which pleads with the requisite level of

---

[11] See Document No. 180 at 16-18.

particularity the facts relied upon in support of any of the foregoing affirmative defenses that may be repled.

The Clerk shall notify all parties and provide them with a true copy of this Order.

Signed at Houston, Texas on this 28TH day of August, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE